# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

JUDGMENT - WITH ORAL ARGUMENT



Date: August 15, 2006

BEFORE:    Honorable RICHARD D. CUDAHY, Circuit Judge

                Honorable FRANK H. EASTERBROOK, Circuit Judge

                Honorable DANIEL A. MANION, Circuit Judge

No. 05-4040

UNITED STATES OF AMERICA,
        Plaintiff - Appellant

v.

RAMON M. REYES-SANCHEZ,
        Defendant - Appellee


Appeal from the United States District Court for the
Eastern District of Wisconsin
No. 04 CR 45, J. P. Stadtmueller, Judge

      The judgment of the District Court is VACATED, and the case is REMANDED for resentencing consistent with this order and the opinions cited here.

      The above is in accordance with the decision of this court entered on this date.


(1061-110393)

**CERTIFIED COPY**
A True Copy:
Tester:
Clerk of the United States
Court of Appeals for the
Seventh Circuit.

**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted July 29, 2006
Decided August 15, 2006

Before

Hon. RICHARD D. CUDAHY, Circuit Judge

Hon. FRANK H. EASTERBROOK, Circuit Judge

Hon. DANIEL A. MANION, Circuit Judge

CERTIFIED COPY
A True Copy:
Teste:
Clerk of the United States
Court of Appeals for the
Seventh Circuit.

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| No. 05-4040 v. | |
| RAMON M. REYES-SANCHEZ, *Defendant-Appellee*. | No. 04 CR 45 J.P. Stadtmueller, *Judge*. |

### Order

The district court gave Ramon Miguel Reyes-Sanchez a sentence substantially below the range recommended by the Sentencing Guidelines, and the United States has appealed.

The district judge's principal consideration was that the Attorney General has not authorized a "fast track" sentencing program for immigration offenses in the Eastern District of Wisconsin. After the district court sentenced Reyes-Sanchez, however, we held that this is not a proper ground for reducing a sentence. See *United States v. Galicia-Cardenas*, 443 F.3d 553 (7th Cir. 2006); see also *United States v. Martinez-Martinez*, 442 F.3d 539 (7th Cir. 2006).

The district judge suggested that his decision had been influenced in part by a belief that lower sentences given to defendants in other districts create unacceptable disparity and

that the Guidelines give too much weight to prior convictions. We held in *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006), another decision released after Reyes-Sanchez was sentenced, that considerations of "disparity" do not authorize sentences below the Guideline range (because such sentences increase rather than reduce aggregate disparity). Similarly, we have held that a judge's disagreement with how either federal statutes or the Guidelines treat recidivist enhancements does not justify lower sentences. See, e.g., *United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005).

Although *United States v. Booker*, 543 U.S. 220 (2005), gives district judges additional discretion in sentencing, that discretion must be exercised against the background of legal rules that influence sentences; nothing in *Booker* changes the applicable substantive rules. See, e.g., *United States v. Miller*, 450 F.3d 270 (7th Cir. 2006).

The judgment of the district court is vacated, and the case is remanded for resentencing consistent with this order and the opinions cited here.